IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, as subrogee of FROCK BROTHERS TRUCKING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CUMMINS, INC., <br><br> Defendant. | Case No. 08 CV 2799 <br><br> Judge Dow <br><br> Magistrate Valdez |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

NOW COMES Plaintiff, AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, by and through its attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., and for its Response in Opposition to Defendant, CUMMINS, INC.'s Motion to Transfer, states as follows:

**I.
BRIEF STATEMENT OF FACTS**

1. Plaintiff, AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY ("American Empire") is the subrogee of FROCK BROTHERS, INC. ("Frock Brothers"). American Empire provided property insurance coverage to Frock Brothers under Policy No. 3AP17906.

2. On April 7, 2008, American Empire brought this action against Defendant, CUMMINS, INC. ("Cummins") alleging two counts in tort for strict liability and negligence, respectively. See Plaintiff's Complaint at Law.

3. In Cummins' Motion to Transfer, it states that it was, and continues to be, an Indiana corporation with its principal place of business in Columbus, Ohio. It is also undisputed that Cummins conducts business in the state of Illinois and maintains an agent in the state of Illinois. See copy of Cummins' registered corporate status in Illinois, attached as Defendant's Exhibit A. See Complaint at Law, ¶ 3.

4. American Empire's cause of action arises out of Cummins' design, engineer, manufacture, distribution and sale of a diesel tractor engine which catastrophically failed on April 7, 2004, in Omaha, Nebraska. The engine was an integral part of a tractor that carried shipments interstate throughout the United States. The failure occurred in Nebraska while the truck was traveling from Illinois to California.

5. None of the tortious conduct averred in American Empire's complaint is alleged to have occurred, taken place, or otherwise been connected to the state of Nebraska.

6. Rather, by mere happenstance, the ultimate loss and damage to American Empire, which resulted from Cummins' tortious and negligent acts, randomly occurred in Omaha, Nebraska. The tortious acts as alleged in the complaint occurred elsewhere.

## II.
## ARGUMENT

### A. CUMMINS HAS A SUBSTANTIAL BURDEN OF PROOF

The burden is on the movant to establish that the suggested forum is clearly more convenient. *Avesta Sheffield, Inc. v. Olympic Continental Resources, LLC*, 2000 WL 198462 (N.D.Ill.) at *5 citing to *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 833 F.2d 1286, 1293 (7th Cir.1989). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district. *Sky Valley Ltd. Partnership v. ATX Sky Valley, Ltd.*,

776 Fu.Supp. 1271, 1276 (N.D.Ill.1991).  When a plaintiff and defendant are in different states, there is no choice of forum that will avoid imposing inconvenience.  In such instances, when the inconvenience of the alternative venues is comparable, there is no basis for change of venue and the tie is awarded to plaintiff.  *Coburn Group, LLC v. Whitecap Advisors, LLC*, 2007 WL 2948367 (N.D.Ill.) at *6 citing to *Chemical Waste Management, Inc. v. Sims*, 870 F.Supp. 870 (N.D.Ill.1994).  As set forth in detail below, not only has Cummins failed to meet its considerable burden, the facts of this case heavily weigh in favor of non-transfer.

**B.    THE INTERESTS OF THE PARTIES FAVOR THE NORTHERN DISTRICT OF ILLINOIS OVER THE DISTRICT OF NEBRASKA**

*Situs of Material Events*.  Material events are those that give rise to the cause of action.  *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F.Supp. 185, 188-89 (N.D.Ill.1995).  In product liability cases, the material events giving rise to plaintiff's claims focus on the manufacture of the product and its incorporation into the subject vehicle, or machine.  Material events in these cases ***do not focus on the accident itself***.  *Aldridge v. Forest River, Inc.*, 436 F.Supp.2d 959, 961 (N.D.Ill.2006) (emphasis added).

Here, the available facts reflect that the subject diesel tractor engine was purchased from Cummins, which has its principal place of business in Columbus, Indiana.  Cummins has not argued, nor is it in dispute, that any of the material events giving rise to American Empire's claims took place in Nebraska.  While either party may speculate, prior to discovery, as to exactly where the engine was designed, engineered, manufactured, distributed, and sold, the most important issue with respect to transfer concerns Cummins' failure to establish, and thereby failure to meet its burden, that any of the material events took place in or is otherwise connected to the transferee district.

*Convenience of the Witnesses*.  Cummins also states that because the catastrophic failure of the engine and fire by chance occurred in Nebraska, the material witnesses to the fire – "essential to Cummins' defense of this action" – will be inconvenienced.  A defendant must demonstrate with specificity what witnesses, or material proof relevant to the litigation, is located in the transferee district.  The moving party does not satisfy its burden by speculating and making conclusory statements, without any proof thereto.  *Competitive Strategies Group, Ltd. v. IL Communications Corp.*, 2000 WL 286789 (N.D.Ill.) at *5.  Accordingly, for a court to assess the importance of witness testimony and any inconvenience in conducting the transfer analysis, the movant must name specific witnesses and what their testimonies will be at trial, even though the litigation is in its early stages.  *Alridge* at 962.  See also *AVP North America, Inc. v. Transindustrial Development Corp.*, 2006 WL 51169 (N.D.Ill.) at *5.

Cummins does not meet this standard in failing to state which witnesses are located in Nebraska, how such unnamed witnesses in Nebraska are essential and material, and how they will be inconvenienced.  See Defendant's Motion to Transfer, pgs. 6-7, § 3.b.  Similarly, Cummins' contention that the unidentified "material" witnesses are somehow unreachable is incorrect.  Parties have the ability to file a motion to extend the reach of the Court in order to compel appearance by witnesses.  *Pierce v. System Transport, Inc.*, 2002 WL 731136 (N.D.Ill.) at *2.  Moreover, non-party witnesses can appear at trial through videotaped deposition.  *Argent Funds Group, LLC v. Schutt*, 2006 WL 2349464 (D.Ct.) at *5.  Finally, the only true witness to the failure in Nebraska was the truck driver employed by Frock Brothers, who is a resident of the state of Ohio.

*Plaintiff's Choice of Forum*.  A plaintiff's choice of forum is generally given substantial weight.  *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D.Ill.1995).  The

plaintiff's choice of forum is the best indicator of its own convenience. *Johnson, Fretty & Co., LLC v. Lands South, LLC*, 526 F.Supp. 307, 315 (D.Ct.2007). While that deference may be lessened when the chosen forum has no connection to the material events in question, it is the movant's burden to isolate the chosen forum from the material events. See *supra*. Cummins fails to do so.

*Convenience of the Parties*. Cummins is a registered Illinois corporation. Its principal place of business, Columbus, Indiana, is 230 miles from this court. By contrast, Columbus, Indiana is 656 miles from Omaha, Nebraska, where the courthouse for the District of Nebraska is located. Likewise, American Empire and Frock Brothers are geographically closer to the Northern District of Illinois by an equally wide margin.

C.   PUBLIC INTERESTS FAVOR NON-TRANSFER

*Choice of Law*. Generally, Illinois applies the Restatement Second of Conflict of Laws (1971) in making choice of law decisions. *Chapman and Associates, Ltd. v. Kitzman*, 193 Ill.2d 560 (S.Ct.Ill.2000). Under the Restatement, a court applies the law that has the most significant relationship to the occurrences and the parties, based on the following criteria: (1) place where the relationship between the parties was centered; (2) place where the benefit or enrichment was received; (3) place where the act conferring the benefit or enrichment was completed; (4) domicile, residence, nationality, place or incorporation and place of business of the parties; and (5) place where a physical thing, such as land or a chattel, which was substantially related to the enrichment, was situated at the time of the enrichment. *Stepan Co. v. Callahan Chemical Co.*, 2007 WL 2908818 (N.D.Ill.) at *5.

Not only does Cummins misstate the appropriate standard of the significant relationship analysis for choice of law, it completely fails to examine any of the foregoing elements with

5

regard to the relationship of the parties, and the sale and distribution of the subject diesel tractor engine. As such, this factor weighs in favor of non-transfer.

*Speed*. In 2007, while the District of Nebraska was slightly faster in bringing cases to trial, the Northern District of Illinois was faster in bringing cases from filing to disposition – an average time of 6.2 months – than the District of Nebraska, which had an average time of 11.3 months[1]. The only clear point that can be ascertained in one district's average time to bring a case to disposition, as compared to another district's average time to bring a case to trial, is that the differences are negligible. When the differences in comparing docket congestion are negligible, the movant fails to demonstrate that the transferee district is clearly more convenient. *Pierce v. System Transport, Inc.*, 2002 WL 731136 (N.D.Ill.) at *3.

*Illinois' Overarching Public Interest*. There is no dispute as to the fortuity of the event. The catastrophic failure of the engine and fire just happened to occur in Nebraska. The fire may have occurred in Illinois. Illinois has just as significant an interest as any other state in ensuring that engine manufacturers and suppliers provide safe products that are not unreasonably dangerous to their purchasers, and ultimately, for the safety of drivers and public roadways.

D.  **THERE IS A LEGITIMATE QUESTION AS TO NEBRASKA'S JURISDICTION**

In determining whether a court has personal jurisdiction over a defendant, the critical issue is whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there" because the defendant has "purposely availed itself of the privilege of conducting activities there." *Burger King Corp. v.*

---

[1] Cummins' Motion omits the complete statistical data available in misconstruing the Northern District of Illinois' ability to ensure timely litigation of the case.

*Redzewicz*, 471 U.S. 462, 475 (S.Ct.1985).  This requirement is not met if the defendant's conduct and connection with the forum state are the result of "random," "fortuitous," or "attenuated" contacts with the forum state.  *Id*.

The issue of Illinois' jurisdiction over Cummins has not been challenged, presumably premised on the fact that Cummins is a registered corporate entity in the state of Illinois. See Exhibit A.  See Plaintiff's Complaint at Law, ¶ 3.  However, there is a significant issue as to whether the District of Nebraska has jurisdiction given that Cummins' only contact is the catastrophic failure of the engine and fire, which only occurred in Nebraska by mere chance.

### III.
### CONCLUSION

Defendant, Cummins, Inc., has failed to meets its burden.  It ignores the allegations in the complaint with regard to the design, engineer, manufacture, distribution and sale of the subject diesel tractor engine.  Cummins has not established that any of the tortious conduct alleged occurred or may have occurred in the transferee district.  The harm could have occurred anywhere.  In erroneously focusing on the arbitrary situs of the damage, rather than on the acts which caused the harm, Defendant, Cummins, Inc., falls well short of demonstrating that transfer is clearly more appropriate or convenient.

WHEREFORE, Plaintiff, AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, as subrogee of FROCK BROTHERS, INC., respectfully requests that the Court deny Defendant, Cummins, Inc.'s Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).


Respectfully submitted,

AMERICAN EMPIRE SURPLUS LINES

INSURANCE COMPANY


By: /s/ Robert Ostojic
          Robert Ostojic


Robert Ostojic
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street
Suite 1100
Chicago, Illinois 60603
312/368-4554
Attorney No. 45875
IL ARDC # 6216651
F:\Case\013001\12052\RESPONSE TO MOTION TO TRANSFER.doc

CERTIFICATE OF SERVICE

      I hereby certify that on June 12, 2008, I caused to be filed, electronically, the foregoing document with the Clerk of the United States District Court, Northern District of Illinois for the Eastern Division, using the CM/ECF system, which sent a Notice of Electronic Filing to all CM/ECF Registered Participants and that I have served all non-CM/ECF participants by mailing a copy via first-class U.S. Mail, with proper postage prepaid and affixed thereon, on June 12, 2008.

| | |
|---|---|
| Brendan J. Healy<br>bhealy@mandellmenkes.com<br>mcarney@mcarney@ mandellmenkes.com<br>mdavis@mandellmanekes.com | |

      /s/ Robert Ostojic
      Robert Ostojic
      Leahy, Eisenberg & Fraenkel, Ltd.
      33 West Monroe Street, Suite 1100
      Chicago, IL 60603
      Phone: (312) 368-4554
      Fax: (312) 368-4562
      E-mail: ro@lefltd.com
      IL ARDC # 6216651



SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

# CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| Entity Name | CUMMINS INC. | File Number | 51307097 |
| Status | GOODSTANDING | | |
| Entity Type | CORPORATION | Type of Corp | FOREIGN BCA |
| Qualification Date (Foreign) | 11/15/1977 | State | INDIANA |
| Agent Name | ILLINOIS CORPORATION SERVICE C | Agent Change Date | 06/29/2005 |
| Agent Street Address | 801 ADLAI STEVENSON DRIVE | President Name & Address | F JOSEPH LUGHERY 500 JACKSON STREET COLUMBUS IN 47201 |
| Agent City | SPRINGFIELD | Secretary Name & Address | MARYA M ROSE SAME |
| Agent Zip | 62703 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 01/08/2008 | For Year | 2007 |
| Assumed Name | INACTIVE - CUMMINS INC. | | |
| Old Corp Name | 02/05/2004 - CUMMINS ENGINE COMPANY, INC. | | |

**Return to the Search Screen**        Purchase Certificate of Good Standing
(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



EXHIBIT A